# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 21-889V**
UNPUBLISHED

|  |  |
|---|---|
| MARGARET CRAIG, | Chief Special Master Corcoran |
| Petitioner, | |
| v. | Filed: July 8, 2022 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Motion for decision; Dismissal; Influenza Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |
| Respondent. | |

*Bridget C. McCullough*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Heather L. Pearlman,* U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On February 8, 2021, Margaret Craig filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa—10 through 34,[2] (the "Vaccine Act"). Ms. Craig alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") from an influenza vaccine she received on October 21, 2020. ECF No. 1.

On June 22, 2022, Ms. Craig filed a motion for a decision dismissing the petition. For the reasons set forth below, Ms. Craig's motion is **GRANTED**, and this case is **DISMISSED**.

In the petition, Ms. Craig alleged that she suffered a shoulder injury from an influenza vaccination but did not provide any medical history for treatment of the injury. ECF No. 1. Ms. Craig did not submit any medical records or an affidavit with the petition.

---

[1] Although I have not formally designated this Decision for publication, I am required to post it on the United States Court of Federal Claims' website because it contains a reasoned explanation for the action in this case, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

The February 11, 2021 PAR Initial Order required Ms. Craig to file all the statutorily required documents, including medical records supporting the vaccination, pre-vaccination treatment, and post-vaccination treatment. ECF No. 5.

After receiving numerous extensions of time, Ms. Craig filed a PAR Questionnaire with the signature dated as December 15, 2021. ECF No. 13.[3] The PAR Questionnaire indicates that Petitioner's most recent appointment with an orthopedic physician was on February 4, 2021, and her most recent appointment with an outpatient therapy service was on February 3, 2021. Petitioner then received more extensions of time but did not file any additional documents in support of her petition.

On June 22, 2022, Ms. Craig filed a motion for a decision dismissing the petition stating that "[an] investigation of the facts and science supporting her case has demonstrated to petitioner that she will be unable to prove that she is entitled to compensation in the Vaccine Program." ECF No. 19.

To receive compensation under the National Vaccine Injury Compensation Program, a petitioner must prove either 1) that the vaccinee suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of the vaccinations, or 2) that the vaccinee suffered an injury that was actually caused by a vaccine. *See* §§ 300aa—13(a)(1)(A) and 11(c)(1). Ms. Craig alleged that she sustained a SIRVA Table Injury.

Under the Vaccine Act, a petitioner may not receive compensation based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa—13(a)(1). Ms. Craig has not filed any statutorily required documentation, including medical records or affidavits, to establish the elements of her vaccine claim. § 300aa—11(c). Moreover, in her motion for decision, Ms. Craig conceded that she would not be able to establish entitlement.

Thus, Petitioner has failed to establish entitlement to compensation in the Vaccine Program. **This case is dismissed for insufficient proof. The clerk shall enter judgment accordingly.[4]**

**IT IS SO ORDERED.**

> **s/Brian H. Corcoran**
> Brian H. Corcoran
> Chief Special Master

---

[3] An identical PAR Questionnaire appears to have been filed on May 23, 2022. ECF No. 17.

[4] If Petitioner wishes to bring a civil action, she must file a notice of election rejecting the judgment pursuant to § 21(a) "not later than 90 days after the date of the court's final judgment."